**McCAUGHN, Collector of Internal Revenue, v. AMERICAN METER CO.**

No. 5476.

Circuit Court of Appeals, Third Circuit.

Aug. 2, 1934.

872

See, also, 67 F.(2d) 148.

Charles D. McAvoy, U. S. Atty., and Thomas J. Curtin, both of Philadelphia, Pa., for appellant.

Ralph B. Evans, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The taxpayer, the American Meter Company, manufactures and sells gas meters and patented coin box devices which cause the flow of gas upon the deposit of a coin. During the period from February 25, 1919, to July 1, 1924, the sales of gas meters and patented coin box devices by the taxpayer aggregated $777,128.77, of which $222,387.42 would have been derived from coin box devices had they been sold without the gas meters. The Commissioner of Internal Revenue, treating the gas meters and the coin box devices, when sold together, as units constituting "automatic slot-device vending machines" within the meaning of section 900 (16) of the Revenue Act of 1918 (40 Stat. 1122) and section 900 (11) of the Revenue Act of 1921 (42 Stat. 291, 292), assessed a tax of $38,856.58 on the sum of $777,128.77, representing the fair market value of the combination of the coin box devices with the gas meters.

The taxpayer paid under protest and brought suit against the collector of internal revenue to recover the entire amount of taxes paid. The case was tried by stipulation before a judge without a jury upon an agreed statement of facts. The judge found as a conclusion of law that the combined fixtures, consisting of the gas meters with the coin box devices attached, were not "automatic slot-device vending machines" within the provisions of the taxing statutes cited above. Upon appeal by the collector, we held that the devices were "automatic slot-device vending machines" within the meaning of the statutes in question. The judgment was reversed and the record remanded for procedure by the District Court in accordance with the opinion of this court. 67 F.(2d) 148. The District Court thereupon, on motion, entered judgment in favor of the taxpayer for $27,737.21, with interest, the sum which had been assessed on the gas meters. The collector has again appealed, contending that the District Court misconstrued our opinion.

We think that the coin box devices used in connection with and attached to ordinary gas meters constitute automatic slot-device vending machines, and that the coin box devices are taxable as such. The gas meters, however, to which the coin box devices were attached, although sold with the automatic slot-device vending machines, are not, in our view, part of the taxable machines. The fact that coin box devices are attached to the meters does not alter the character of the latter as ordinary gas meters. It is a simple and inexpensive matter to attach the coin box devices to, or disconnect them from, the gas meters. To tax gas meters merely because automatic slot-device vending machines are attached is no more reasonable than to tax service pipes or gas mains because they constitute part of the gas service system to which the automatic slot-device vending machines are attached. The District Court correctly construed our opinion when it held that the coin box devices were, but the gas meters were not, subject to tax.

Judgment affirmed.