GEO. M. BABBITT, Appellant, v. JOHN ALGER and MARY CONKLIN, Appellees.

**Statutes:** LEGISLATIVE INTERPRETATION: EFFECT. Courts are not bound
1  by the construction which one legislature may put upon the enact-ments of a previous legislature.

**Intoxicating liquors:** LIMITATION OF NUMBER OF SALOONS: INJUNCTION.
2  Whether the Moon law as originally enacted was applicable to special charter cites, *quere*. However, by the later statute, the Moon law was especially made applicable to special charter cities in a qualified way and upon a graduated scale of elimination. The effect of this later legislation is to legalize at the present time, saloons licensed

in special charter cities to a greater number than one to one thousand inhabitants. The defendant's license being now legal under the later legislation, he is not subject to be enjoined from operating his saloon. Such remedy is prospective only and is not available to abate as illegal that which is now legal under the later legislation. Punishment for past offense, if any is not involved in this proceeding.

*Appeal from Scott District Court.*—HON. WILLIAM THEO-PHILUS, Judge.

FRIDAY, JUNE 6, 1913.

SUIT in equity to enjoin the maintenance of a liquor nuisance in the city of Davenport. The petition avers that the defendant, Alger, is a saloon keeper in said city, and avers full compliance with all the requirements of the so-called "Mulct Law" except that the defendant's license was issued by the city council in violation of the provisions of the so-called "Moon Law" in that said city council issued a greater number of licenses according to its population than was permitted under such law, and in that it had issued the full number of licenses permissible to it prior to the issuance of the license of the defendant. The trial court refused the injunction and dismissed the petition, and the plaintiff appeals.— *Dismissed.*

*George Cosson*, Attorney-General, and *Betty & Betty*, for appellant.

*Henry Vollmer* and *Thuenen & Shorey*, for appellees.

*Lane & Waterman, amicus curiæ.*

EVANS, J.—No controversy of fact is presented. The ground of refusal to issue an injunction was that the city of Davenport was a "special charter" city, and that the "Moon

Law" had no application to cities under special charters. The Moon Law was enacted as chapter 142 of the 33d General Assembly. It became effective April 15, 1909. This statute purported to limit the authority of city councils to issue saloon licenses in excess of one for every 1,000 inhabitants of the city. At the time of the issuance of the license to the defendant Davenport had 43,000 inhabitants. More than forty-three licenses had been issued prior to that of the defendant. If the statute was applicable to cities acting under special charters, then defendant's license was illegally issued. If such was not applicable to cities acting under special charters, then the issuance of the license was legal. Since this case was heard in the court below the last General Assembly enacted a further statute, applying specifically to cities under special charters, and applying the Moon Law to special charter cities upon a graduated scale of elimination. We shall have first to consider the effect of this statute upon the present proceeding.

The briefs of counsel were prepared before the later legislation referred to. Because of such later legislation (chapter —, 35th General Assembly), it becomes useless for us to consider the particular questions presented in the briefs.

Under this later enactment the Moon Law is amended and is made applicable to special charter cities after July 1, 1913, in a qualified way. We need not deal with the details of the qualification. In such enactment, the Legislature has assumed to construe the Moon Law, in its original form, as not applicable to special charter cities. Manifestly, we are not bound by the mere construction which one Legislature may put upon the enactments of a previous Legislature. But the validity of the later enactment is not thereby impaired. The effect of this later legislation is to legalize at the present time saloon licenses in special charter cities to a greater number than one to 1,000 inhabitants. Under this legislation the defendants' license is now legal.

1. STATUTES: legislative interpretation: effect.

The remedy sought in the present proceeding is prospective only. It does not involve punishment for past offenses, if any. It seeks only to enjoin the *future* operation of the saloon on the theory of its illegality, and that its maintenance will therefore constitute a nuisance. To now grant the relief prayed would be to enjoin as illegal that which is now and henceforth legal under the recent legislation. In view of the situation thus created, the only appropriate procedure left to us is to dismiss the appeal. The question of costs may be presented to us later by a proper motion.

2. INTOXICATING LIQUORS: limitation of number of saloons: injunction.

For the reasons indicated the appeal is *Dismissed*.