STATE OF IOWA, ex rel. VIRGINIA BEDELL, County Attorney, Appellee, v. CHARLES A. BEST, Appellant.

No. 44406.

JUNE 21, 1938.

Virginia Bedell, for appellee.

Clifford E. White, for appellant.

HAMILTON, J.—At the November 1936 election, Fred W. Jones was elected to the office of county supervisor for the first district of Dickinson County, Iowa, for the term of three years beginning with the second secular day in January, 1938. (Being January 3d, 1938; January 2d, being Sunday.) On the thirteenth day of June, 1937, Jones died without having qualified for said office. The defendant, Charles A. Best, being the incumbent in said office, on December 27, 1937, filed a bond, claiming the right to said office as a hold-over incumbent. On the forenoon of January 3d, 1938, the clerk of the district court, the county auditor, and the county recorder by virtue of section 1152, par. 5, of the Code of 1935, met and appointed B. K. Bradfield to fill said vacancy for the term beginning with the second secular day in January and until the 1938 election and until his successor is elected and qualified. Thereafter and before noon of said 3d day of January, 1938, Bradfield qualified for said office by filing bond and oath required by law. Best, the incumbent, resisted the seating of Bradfield and this action was brought in the name of the State ex rel. Virginia Bedell, County Attorney. (Section 12419 of the 1935 Code.)

■ Appellant contends that there was no vacancy, under the holding of this court in the case of State v. Carvey, 175 Iowa 344, 154 N. W. 931, decided in 1915 wherein the court held that the death of the incumbent who had been re-elected created a vacancy in the term he was serving but not in the term. for which he had been re-elected. However, after the decision in the cited case was filed, the 42d General Assembly, chapter 26, laws, 1927, amended section 1146 of the Code, defining what constitutes vacancy, by adding to par. 4 of said section the words "or of the officer elect before qualifying", so that the section, as amended, now reads:

"1146. What constitutes vacancy. Every civil office shall be vacant upon the happening of either of the following events: * * *

"4. The resignation or death of the incumbent, or of the officer elect before qualifying. * * * "

This was certainly intended to cover just such a situation as we find here. There was no vacancy in the term Mr. Best was serving, but, by this statutory provision, a vacancy in the term for which Jones was elected was created by the death of Jones "the officer elect" before qualifying. Section 1145 relating to hold-over contains the qualifying clause: "Except when otherwise provided." And since the legislature has "otherwise provided" for the situation arising because of the death of the officer elect and the proper officers, in compliance with section 1152, par. 5, of the 1935 Code, have fulfilled their duty by filling the vacancy in due time and since the new appointee, Mr. Bradfield, had qualified by filing his bond and oath, which was approved, and was ready to enter upon the duties of his office, Mr. Best had no legal right to hold the office as an incumbent holding over.

■ The contention of appellant that the word "or" contained in the amendment to section 1146 should be construed "and" is not well founded. The language of the section, as amended, is too clear and unambiguous to admit of judicial construction. One of the first and most controlling maxims of construction is that, where the language of a statute is plain and unambiguous, there is no room for construction. Home Owners' Loan Corporation v. District Court of Woodbury

County, 223 Iowa 269, 272 N. W. 416. See, also, Ballard-Hassett Co. v. Miller, 219 Iowa 1066, 1072, 260 N. W. 65.

Some other theories are advanced by appellant all of which we have carefully considered and find without merit.

There being no error in the decision of the trial court, the same is affirmed.—Affirmed.

CHIEF JUSTICE and all Justices concur.