FIRST NATIONAL BANK OF MIAMI, FLORIDA, a banking corporation, v. FLORIDA INDUSTRIAL COMMISSION.

16 So. (2nd) 636                    January Term, 1944
February 11, 1944                              En Banc

*Lilburn R. Riley,* for appellant.

*Burnis T. Coleman* and *John P. Mack,* for appellee.

ADAMS, J.:

The First National Bank of Miami filed its petition seeking to require the Florida Industrial Commission to redetermine its rate of contribution of unemployment compensation. The basis of the demand is that petitioner contributed for the three full calendar years of 1940, 1941 and 1942.

The circuit court dismissed the petition. On appeal here this question arises: Is an employer eligible for rate variation from the standard rate of contributions during any calendar year if his employment record has not been chargeable with benefit payments throughout the three consecutive preceding calendar years?

The statute relied on for rate variation is Sec. 443.08, F. S. '41, F.S.A. which provides for the requested relief when petitioner has been chargeable with benefit payments throughout three consecutive calendar years. We must look to the statute to determine when the employer's account was first chargeable. The same statute provides that any benefits paid to any individual shall be charged to the employment record of the most recent employer within the base period of the individual. Turning then to Sec. 443.03 F.S. '41, F.S.A. we find "Base Period" is defined as the first eight of the last nine completed calendar quarters immediately preceding the first day of an individual's benefit year. "Benefit Year" is

then defined. The terms used are technical in nature and the definition given by the Legislature will control. The petition was, therefore, insufficient in failing to show that the employer's account was chargeable with benefits in 1940 or for three full calendar years.

To secure a redetermination of the rate of contribution the employer's record is not required to be actually charged with benefit payments but it must be chargeable. That is, it must be susceptible to being charged.

The decree is affirmed.

BUFORD, C. J., TERRELL, BROWN and SEBRING, JJ., concur.

THOMAS, J., agrees to conclusion.

CHAPMAN, J., dissents.

CHAPMAN, J., dissenting:

This cause is before the Court on motion to dismiss the bill of complaint for want of equity. The allegations of the bill of complaint are to the effect that the appellant was subject to the terms of the Unemployment Compensation Act as an employer; it had paid the assessments levied by the Industrial Commission under the provisions of the Act for the years 1940, 1941 and 1942; that the total amount of appellant's pay roll for the three year period aggregated $724,021.37 and it had paid during the three year period to the Florida Industrial Commission as assessments based on 2.7% provided by statute the sum of $19,548.42. The Industrial Commission, during the year 1940, 1941 and 1942, charged to the appellant's account the sum of $695.00. The prayer of the bill is to the effect that the appellant is entitled, as a matter of law, to a reduced rate of taxation. If the Florida Industrial Commission will observe Subsection (b) of Section 3 of Section 443.08, Fla. Stats. 1941, and the formula fixed therein, the rate of taxation will be recalculated, resulting in a rate of 1.7% rather than the 2.7% as now prevailing.

It is my view, after a study of the several applicable statutes, that the bill of complaint should not have been dis-

missed, but the testimony taken on the truthfulness of the allegations of the bill of complaint and other issues. When the evidence is submitted by the respective parties, it can then be determined whether or not the appellant is entitled to the variation rate fixed by Section 443.08, Fla. Stats. 1941.