F. L. R. HANSEN, doing business as HANSEN & HANSEN, Appellee, v. IOWA EMPLOYMENT SECURITY COMMISSION, Appellant.

No. 47277.

(Reported in 34 N. W. 2d 203)

OCTOBER 19, 1948.

F. D. Riley, of Des Moines, for appellant.

Kimball, Peterson, Smith & Peterson, of Council Bluffs, for appellee.

GARFIELD, J.—This case involves the construction of section 96.7(3c), Code, 1946, of the Iowa Employment Security Law (chapter 96) as it stood before its amendment by section 3, chapter 74, Acts of Fifty-second General Assembly, approved April 1, 1947. This controversy concerning plaintiff-employer's rate of contribution would not arise under the law as now amended.

Plaintiff was an employer as defined by the Iowa Employment Security Law in 1936 when the law took effect and remained such until January 1, 1945. In April 1942, the first year merit rating was permitted under the Iowa law; defendant, Commission, fixed plaintiff's rate of contribution for 1942 at .9 per cent. This rate was also established for 1943 and 1944. During the calendar year 1944 plaintiff did not have in his employ eight individuals for fifteen weeks and his coverage was terminated as of January 1, 1945, as provided by Code section 96.8(2).

During 1946 plaintiff had eight or more employees for a sufficient time so he again became liable as an employer under the law. Defendant, Commission, then fixed plaintiff's rate of contribution for 1946 at 2.7 per cent which was affirmed upon appeal to the Commission on the ground plaintiff was not an employer under the law continuously for the three years immediately preceding the computation date. As provided by section 96.7(6) plaintiff then appealed to the district court which fixed his rate of contribution for 1946 at .9 per cent. From the decree of the district court the Commission has appealed to us in accordance with section 96.7(6c).

Code section 96.7(3c), prior to its amendment as above explained, provided:

"* * * No employer's rate shall be less than two and seven-tenths percent after December 31, 1937, unless and until there shall have been three calendar years after he * * * becomes liable for contributions under this chapter throughout which any individual in his employ could have received benefits if eligible."

Defendant, Commission, construed the "three calendar years" to which the statute referred as the three consecutive years immediately preceding the computation date. The district court held the statute referred to any three years after plaintiff first became liable for contributions under the law.

We think the trial court correctly construed the provision of section 96.7(3c) above quoted. The construction for which the Commission contends would require us to read into the statute the word "consecutive" between "three" and "calendar years" and also to add the provision that such three years immediately precede the computation date. The statute as it then stood did not state that the "three calendar years" should be consecutive nor that they immediately precede the computation date. We have no power to write such provisions into the law. Independent Sch. Dist. v. Iowa Emp. Sec. Comm., 237 Iowa 1301, 1306, 25 N. W. 2d 491, 495, and citations.

The Commission asks us to interpret the quoted provision of section 96.7(3c) to mean what the section as amended in 1947 now states. Section 3 of chapter 74, Acts of Fifty-second General Assembly, substitutes for such quoted provision:

"* * * No reduced rate shall be granted to any employer, until there shall have been three (3) consecutive calendar years of coverage after such employer * * * first became liable for contributions and immediately preceding the computation date."

Plaintiff argues in effect that this amendment amounts to legislative recognition the original section 96.7(3c) does not mean what defendant contends for it. Little if any weight need be given the passage of this amendment. It is true we have said that ordinarily a change in the language of a statute

indicates an intention to change its meaning. Andrew v. American Sav. Bk., 217 Iowa 447, 452, 252 N. W. 245. See, also, Iowa Pub. Serv. Co. v. Rhode, 230 Iowa 751, 755, 298 N. W. 794, 796, 797. However, an amendment may be enacted so the statute will correspond to what had previously been supposed was the law rather than to effect a change therein. Rural Ind. Sch. Dist. v. New Ind. Sch. Dist., 120 Iowa 119, 125, 94 N. W. 284; Golf View Realty Co. v. City of Sioux City, 222 Iowa 433, 438, 269 N. W. 451. Here the important consideration is that section 96.7(3c) prior to its amendment does not fairly mean what the amended statute does.

Our conclusion finds support in Commonwealth of Pennsylvania v. Sun Ray Drug Co., 360 Pa. 230, 61 A. 2d 350, 352, 354, involving a very similar question. Defendant placed strong reliance in argument upon the decision of the trial court in the cited case which upheld the Pennsylvania commission. After the submission herein however, such decision was reversed upon appeal. The case involved the construction of a provision in the Pennsylvania Unemployment Compensation Law that "the rate of contribution of each employer who has paid contributions under this act for at least four full calendar years * * * shall be subject to adjustment for each such calendar year * * *." The Pennsylvania commission construed this to mean the four full calendar years immediately preceding the computation date. In rejecting this contention the Pennsylvania court uses this language which is controlling here:

"The plain words of the statute cannot be disregarded under the pretext of accomplishing a given purpose. * * * Particularly is this true where, as here, the language is not equivocal and a literal application of the language will not defeat the purpose of the legislation. The Act in plain language provided that contributions must have been paid for 'four full calendar years'. * * * It did not provide that the 'four full calendar years' be successive and immediately precede the computation date. Had the legislature so intended it would have so provided. Cf. Commonwealth ex rel. Cartwright v. Cartwright, 350 Pa. 638, 645, 40 A. 2d 30, 155 A. L. R. 1088. The answer is that it did not."

Aside from the trial court's decision in this Pennsylvania case, the only decision defendant has cited to us is First National Bank of Miami v. Florida Industrial Comm., 154 Fla. 74, 75, 16 So. 2d 636. We find nothing in the Florida case contrary to our conclusion here. The statute there in question provided for a reduced rate of contribution when the employer (to quote from the opinion) "has been chargeable with benefit payments throughout three consecutive calendar years." Relief was denied because the employer had failed to show its account was *chargeable* for three full calendar years.

Defendant's contention that its construction of section 96.7(3c) must be adopted in order to avoid conflict with federal law cannot be sustained. Section 1602(a) of the Internal Revenue Code, 26 U. S. C. A., provides:

"(a) State standards. A taxpayer shall be allowed an additional credit under section 1601(b) with respect to any reduced rate of contributions permitted by a State law, only if the Federal Security Administrator finds that under such law— (1) No reduced rate of contributions to a pooled fund or to a partially pooled account, is permitted to a person (or group of persons) having individuals in his (or their) employ except on the basis of his (or their) experience with respect to unemployment or other factors bearing a direct relation to unemployment risk during *not less than the three consecutive years immediately preceding the computation date.*" (Italics supplied.)

Defendant's argument is that unless its construction of section 96.7(3c) is adopted, Iowa employers will be denied additional credit allowances under the federal law.

It is true the federal and state laws (Title IX of the Federal Social Security Act and Iowa Code, chapter 96) were intended as integral parts of a plan to alleviate the ill effects of involuntary unemployment. However, section 1602(a) above quoted is an amendment which was not enacted by Congress until 1939. Our state act was passed in 1936. Our state legislature could not have intended the act, in the absence of amendment by it, to conform to any future changes in the federal law Congress might later see fit to adopt.

If the 1939 amendment to the federal law had preceded the enactment of section 96.7(3c) defendant's position would be more persuasive. The case would then present some analogy to Stromberg Hatchery v. Iowa Emp. Sec. Comm., 239 Iowa 1047, 33 N. W. 2d 498, 500. However, when the Iowa law was passed section 1602(a), 26 U. S. C. A., Title IX of the Federal Social Security Act provided merely:

"(a)  A taxpayer shall be allowed the additional credit under section 909 [1601(b) and (c)] with respect to his contribution rate under a State law being lower, for any taxable year, than that of another employer subject to such law, only if the Board finds that under such law—(1) Such lower rate, with respect to contributions to a pooled fund, is permitted on the basis of not less than three years of compensation experience." 49 Stat. at L. 639, 644, section 910(a).

There is nothing in our construction of section 96.7(3c) that conflicts with this original provision of the federal law. Nor does the record show that any conflicting administrative interpretation of such federal provision had been adopted at the time the Iowa law was passed with which our legislature could be chargeable. We cannot say the 1939 amendment to section 1602(a), above quoted, was a mere legislative interpretation of the original section 1602(a) rather than a change therein. Even if it were a legislative interpretation of the pre-existing law it would not be binding upon the court, although entitled to consideration. Babbitt v. Alger, 160 Iowa 361, 363, 141 N. W. 915.

Applicable here is Equitable L. Ins. Co. v. Iowa Emp. Sec. Comm., 231 Iowa 889, 895, 896, 2 N. W. 2d 262, 265, 139 A. L. R. 885, 890 and annotation 892. It was argued there that subsequent congressional amendments should be considered in construing the Iowa act. But we held they did not "have much bearing upon the previously expressed intent of the Iowa legislature" and added:

"And in the language of the trial court, which we approve, the court should not 'write into the previously existing Iowa statute the congressional enactment of 1939. If the court may

do this, then as time goes on and the courts decide, future acts of Congress pertaining to this or other phases of the law will become part of state statute, with resultant further departure from the legislative enactment.'

"And had the Iowa legislature itself attempted to give Congress authority to bind the state by acts to be passed in the future affecting the disposition of funds appropriated under the Iowa Employment Security Law such attempt would have been of doubtful validity. Cowiche Growers v. Bates, supra [10 Wash. 2d 585, 117 P. 2d 624]."

See, also, Unemployment Comp. Div. v. Valker's Greenhouses, 70 N. D. 515, 522, 296 N. W. 143, 146, from which we quote with approval in the Equitable Life Insurance Company case, supra.

We think we are not justified under the guise of construction in writing into section 96.7(3c) either the amendment subsequently adopted by our legislature in 1947 or the amendment later passed in 1939 to the federal act.

Defendant has advanced some other contentions we feel need not be discussed. Nor is it necessary to consider some of plaintiff's argument for an affirmance. We may observe however that a reversal would be quite inequitable to plaintiff under the record here.—Affirmed.

All JUSTICES concur.