IN RE GUARDIANSHIP OF SUSAN WILEY.

No. 47317.

(Reported in 34 N. W. 2d 593)

November 16, 1948.

Harold Newcomb and George A. Kern, both of Des Moines, for guardian ad litem, appellant.

Howe & Howe and Joseph J. Petosa, all of Des Moines, for guardian, appellee.

GARFIELD, J.—The question presented is whether section 682.23, Code, 1946, denies to the district court the power to authorize the investment of trust funds by a guardian in securities not mentioned in said section. Like the trial court we answer in the negative.

The guardian of the incompetent stated in his application that he has funds which are not producing an adequate income and should be reinvested to obtain a larger income for the benefit of the ward; all investments mentioned in section 682.23 at present yield a very low return which is insufficient to meet properly the needs of the ward; other investments not mentioned in said section would be sound and yield a substantially larger return; from his investigation the guardian believes it would be for the best interests of his ward to purchase the following stocks: (here are listed ten shares of preferred stocks in two corporations and twenty-five shares of common stocks in three corporations—a total of thirty-five shares in five well-known, long-established concerns). Attached to the application is a description of each of the five recommended issues.

A guardian ad litem for the incompetent was appointed who defended on the sole ground that Code section 682.23 prohibits the investment of funds by guardians in securities not designated in said section. The guardian ad litem admitted all statements of fact in the application. The trial court granted the application. Upon this appeal the guardian ad litem raises the same question presented below.

Section 682.23 provides:

"Authorized securities. All proposed investments of trust funds by fiduciaries shall first be reported to the court or a judge for approval and be approved and *unless otherwise authorized or directed by the court under authority of which he or it acts,* or by the will, trust agreement, or other document which is the source of authority, a trustee, executor, administrator, or guardian shall invest all moneys received by such fiduciary, to be by him or it invested, in securities which at the time of the purchase thereof are included in one or more of the following classes :". (Here follow fourteen numbered paragraphs which designate bonds of the United States, federal land banks, states and municipalities and other investments.)

When introduced by the House Committee on Banks and Banking in the Forty-third General Assembly (1929) the original bill commenced with the portion italicized by us, "Unless otherwise authorized or directed by the court under authority of which he or it acts,". The requirements that all proposed investments be first reported to the court or judge for approval and be approved were inserted by way of two amendments to the bill. The original enactment contained the first paragraph quoted above followed by nine paragraphs designating nine different securities. The remaining five of the fourteen numbered paragraphs in section 682.23 were added from time to time since 1929.

The main contention of the guardian ad litem is that if the legislature intended the court could approve an investment not specifically mentioned in 682.23 there was no purpose in designating the different securities therein nor in adding to those first designated in 1929. The guardian relies upon the language in section 682.23 above italicized by us as a recognition of the power of the court to authorize investments not designated in the remainder of the section.

■ There can be no question as to the principal rule of statutory construction relied upon by the guardian ad litem. If fairly possible a statute will not be construed so part of it is rendered superfluous. Effect should ordinarily be given to every provision. Moulton v. Iowa Employment Sec. Comm., 239 Iowa 1161, 1172, 34 N. W. 2d 211, 216, and citations; Independent Sch. Dist. v. Iowa Employment Sec. Comm., 237 Iowa 1301, 1309, 25 N. W. 2d 491, 496, and citations.

■ "We think the guardian ad litem is asking us either to read out of the statute the clause we have italicized or to add a provision which greatly limits its meaning and that the construction for which he contends conflicts therewith. Of course we have no power to read the italicized language out of the statute nor to add thereto. Moulton v. Iowa Employment Sec. Comm., supra, and citations; 50 Am. Jur., Statutes, sections 231, 234.

■ The italicized clause is plainly an exception or proviso which limits the application of the statute. See as having some bearing 43 Words and Phrases, Perm. Ed., 315, 316. The funda-

mental rule for which the guardian ad litem contends that effect should be given all parts of a statute requires that effect be given a proviso when it can be done in accordance with recognized rules of construction. 50 Am. Jur., Statutes, section 440; 59 C. J., Statutes, section 639. See also Campbell v. Jackman Bros., 140 Iowa 475, 480, 481, 118 N. W. 755, 27 L. R. A., N. S., 288; State ex rel. Bedell v. Best, 225 Iowa 338, 280 N. W. 551.

The guardian ad litem concedes trust funds need not be invested in securities designated in 682.23 if "otherwise authorized or directed by * * * will, trust agreement, or other document which is the source of authority * * *." He admits this is an exception to the requirement that trust funds be invested in the designated securities. We think the exception or proviso on which the guardian relies is just as effective as the one the guardian ad litem concedes. There is no basis for recognizing the one and repudiating the other. The requirement that trust funds be invested in the designated securities is also expressly made subject to the prior exception "unless otherwise authorized or directed by the court under authority of which he or it acts."

It has been suggested that section 682.23 permits the court to approve investments not therein designated only where "authorized or directed by the * * * will, trust agreement, or other document which is the source of authority." In other words, that the italicized exception in the statute is in every instance limited or qualified by the exception just quoted which follows it. In effect the suggestion is that the law contains only one exception.

The suggestion cannot be adopted without either the elimination of the italicized proviso (in disregard of the rule that effect be given the entire statute) or the addition of a qualifying provision to the law which would change its plain meaning. We can do neither. The practical effect of adopting this suggestion would be to strike out the italicized proviso as applied to investments by guardians. A "will, trust agreement, or other document" is seldom, if ever, "the source of authority" of a guardian. On the contrary the court is the authority under which a guardian acts.

Under our construction of 682.23 according to its plain

meaning the remaining fourteen paragraphs are not necessarily surplusage. Nor is there irreconcilable conflict between them and the exception on which the guardian relies. We are not called upon to determine what the legislature may have intended except insofar as its intent is expressed in the statute. We may say, however, that the legislature might well have intended to designate for the advice and guidance of fiduciaries and courts the investments it regarded as affording maximum safety without deeming it necessary to deny courts in all instances the power to authorize other investments if found to be safe and advantageous. If the legislature intended in all cases to restrict the court in the approval of investments to those mentioned in 682.23, it could easily have said so. This it did not do.

There can be no question as to the power of the court, if not prohibited by section 682.23, to approve investments by guardians which are shown to be safe and advantageous to the ward. Section 668.9, made applicable to such guardianships as this by 670.1, provides:

"Guardians * * * must prosecute and defend for their wards, may employ counsel therefor, lease lands, loan money, and in all other respects manage their affairs, under proper orders of the court or a judge thereof."

We have frequently recognized the statute just quoted (substantially unchanged, so far as here applicable, since the Code of 1851) as the important broad provision governing the powers and duties of guardians to act under the supervision of the probate court. The making of the investments here in question is clearly an act of managing the affairs of the ward. If the legislature intended section 682.23 to limit the court in approving investments by guardians to those therein mentioned, such limitation should have been plainly stated.

Statutes in many states designate securities in which trustees may invest without limiting them to the securities designated. In other states the only proper investments are those specified by statute. Annotation 128 A. L. R. 968; Restatement of the Law, Trusts, section 227, comment n. Substantially the same argument made by the guardian ad litem—that it was idle for the legislature to designate securities for the investment

of trust funds if the designation was not exclusive—could be urged against all such statutes which are permissive and not mandatory.

The guardian ad litem seeks to support his position by a recital in the preamble to chapter 307, Acts of Forty-ninth General Assembly (1941), amending subsection 5 of what is now 682.23, which he argues shows the legislative intent. The recital refers to a provision in the then existing subsection 5 as "restricting the opportunities for fiduciaries *bound by the present law that limits them* to investing in first real estate mortgages * * * not [to] exceed fifty percent (50%) of the value of the mortgaged property; * * *." (Italics added.)

The recital, although properly to be considered, is entitled to little weight. Certainly it is not controlling. The recital does not purport to summarize the first paragraph of 682.23 previously quoted herein nor to negative the exception therein upon which the guardian relies. Further, courts are not bound by the mere construction one legislature may put upon the acts of a previous session. Hansen v. Iowa Employment Sec. Comm., 239 Iowa 1139, 1144, 34 N. W. 2d 203, 206; Babbitt v. Alger, 160 Iowa 361, 363, 141 N. W. 915.

The construction of an existing statute is a judicial, not a legislative, function. An erroneous opinion of a law by the legislature does not alter it. The legislative intent that controls in the construction of a statute has reference to the legislature that enacted it, not a subsequent one. 50 Am. Jur., Statutes, section 337; 59 C. J., Statutes, section 612, page 1034. See also Slutts v. Dana, 138 Iowa 244, 250, 115 N. W. 1115.

Much is said in argument by the guardian ad litem as to legislative intent. As we have indicated, the intent of the legislature which is controlling here is to be gathered from the statute itself. It is our duty to give this act the interpretation its language calls for and not to speculate as to probable legislative intent apart from the wording used. 50 Am. Jur., Statutes, section 227; 59 C. J., Statutes, section 569. See also Meredith Pub. Co. v. Iowa Employment Sec. Comm., 232 Iowa 666, 680, 6 N. W. 2d 6, 14; Eysink v. Board, 229 Iowa 1240, 1244, 296 N. W. 376, 378, and citations.

The much quoted admonition of the late Justice OLIVER

WENDELL HOLMES. may be repeated here: "We do not inquire what the legislature meant. We ask only what the statute means."

 Some of the argument for the guardian ad litem apparently springs from his belief that section 682.23 as construed by the trial court and by us is unwise because, it is said, courts are not experts on investments and for other reasons. Of course it is not our function to pass upon the merits, policy, wisdom or expediency of a statute. McGuire v. Chicago, B. & Q. R. Co., 131 Iowa 340, 349, 108 N. W. 902, 33 L. R. A., N. S., 706, and citations. See also Merchants Supply Co. v. Iowa Employment Sec. Comm., 235 Iowa 372, 383, 384, 16 N. W. 2d 572, 578, 579; Campbell v. Jackman Bros., supra, 140 Iowa 475, 480, 118 N. W. 755, 27 L. R. A., N. S., 288; 59 C. J., Statutes, section 564.

It is not for us to say what we think the legislature should have done but only what we think it has done by this statute. See 50 Am. Jur., Statutes, section 380. If further statutory provision is to be made for the investment of guardianship funds it should be enacted by the legislature and not by us under the guise of construing a law which states, in plain language, "* * * unless otherwise authorized or directed by the court * * * a * * * guardian shall invest all moneys * * * in securities * * * of the following classes:".

We understand the dissenting opinion takes the position that the proviso "unless otherwise authorized or directed by the court" means only that the court may refuse to approve an investment even though in a designated security. The guardian ad litem has not contended here or in the court below the quoted words have such meaning. To adopt this position would require a reversal on a contention not raised by a litigant.

The dissenting opinion, like the guardian ad litem, concedes an investment need not be confined to the designated securities where "otherwise authorized or directed * * * by the will, trust agreement, or other document." These words are given their usual and ordinary meaning. As previously indicated, we see no basis for not giving such meaning to the words "unless otherwise authorized or directed by the court." The

statute recognizes that the court as well as "the will, trust agreement, or other document" may authorize or direct otherwise.

 Of course there can be no question that *all investments* must be approved by the court. The statute at the outset by an amendment to the original bill so provides in so many words. This necessarily implies the court may disapprove an investment even though in a designated security. The provision requiring approval would be worthless if it does not include the right to disapprove. To hold that the words "unless otherwise authorized or directed by the court" mean only that the court may disapprove an investment is to give them a strange and unusual meaning, not suggested by the guardian ad litem, that adds nothing to the express requirement of court approval.—Affirmed.

SMITH, C. J., and OLIVER, BLISS, WENNERSTRUM, and HAYS, JJ., concur.

HALE, MANTZ, and MULRONEY, JJ., dissent.

HALE, J. (dissenting)—I am unable to agree with the majority opinion. On an analysis of section 682.23, Code of 1946, it seems there need be no contradiction in its terms, nor is it necessarily ambiguous. But even if ambiguous it should be resolved in a different manner than proposed by such opinion.

The section provides first that all proposed investment of trust funds by fiduciaries shall first be reported to the court or a judge for approval and be approved. The fund must then be invested in one or more of fourteen specified classes unless otherwise authorized or directed as provided in the section. An exception may be on account of a will, trust agreement, or other document which is a source of authority. It may be for some other reason relative to the estate or trust fund. There might be a number of reasons why the court should decide that the investment should not be made at all, or should not be made in some form of the approved securities. The character of the trust, the length of time it has to run, or the character of the proposed investment, even if it came within one of the approved classes, might require that the court otherwise authorize or direct. There might be a number of reasons why the investment should not even be made at all, but if made and the proposed

investment does not come within one of the accepted classes, the fiduciary would have no right to invest nor the court to order an investment, except in one of the fourteen specified classes fixed by statute.

So construed there need be no ambiguity or contradiction in the statute. We are conforming to one of the principal rules in the interpretation of statutes in giving effect to all its parts. Otherwise we are overlooking the established rule that if it is fairly possible a statute will not be construed so that part of it is to be rendered superfluous, and the further rule that effect is to be given to every provision. The majority opinion does not dispute these rules and it is unnecessary to cite authority therefor.

The majority opinion calls attention to section 668.9 of the 1946 Code in regard to the duties of a guardian. We cannot see that this statute in any way relaxes the strictness of the provision we are considering. Guardians must perform these various duties for their wards and loan their money as required by this statute. This is not an extension of their powers, but, so far as loaning money is concerned, those powers are limited by the rigid provisions of section 682.23.

No one could contend that the interpretation of one legislature of the acts of another is controlling, but, contrary to the suggestion in the majority opinion, it would seem to be plain that if there was a contradiction or ambiguity in the statute that some action would have been taken long ago to clarify what the majority opinion seems to think is not clear. In examining the history of the statute we should not entirely disregard the effect of legislative construction or failure to amend. Nor can there be any dispute that in seeking the intent of the legislature, it is our duty to interpret the statute itself.

I am persuaded that in seeking an interpretation or construction of a statute some aid may be gained by considering other statutes relating to the same subject matter. An examination of a somewhat similar provision, section 672.14, shows that the strictness of the statute we have under consideration is somewhat relaxed regarding the investment of certain veterans' funds in some securities about which there can be no question, but it will be noticed that a further portion of the statute does

not alter, in any way, the provisions of the general section, 682.23, for the reason that it requires that all other investments will be under the order of court in securities authorized by section 682.23, with provisions for notice. This limitation indicates that as to these funds the legislature still holds these fourteen types of securities to be in the class of safe investments. There is also the rule, frequently stated, that where in the statute there are general and specific provisions, the general provisions are controlled by the specific provisions.

All lawyers are fully aware that the construction of an existing statute is a judicial and not a legislative function, as stated in the majority opinion. From the wording of the statute under consideration there can be no doubt as to the general as well as the specific intent of the legislature to safeguard investments made for the benefit of those under disability, or for the beneficiaries of trusts. This general intent should be kept in mind. The intent of the statute, taken as a whole, is to limit the power of the guardian or trustee and the court to investments which have the legislative sanction, and such investments are specified. The legislature itself has provided such safeguard. To follow the rules laid down is far from being judicial legislation. By the majority opinion we are placing a burden upon the district court which I think the legislature never intended.

I believe that a fair interpretation of the statute, applying the well-known and established rules of construction, is that the intent of the legislature, from the passage of the original act through all its amendments, has been to restrict the investments of those under the protection of the court. We know the object of this and similar statutes, the language in which they are framed evidently so holds, and our interpretation of the statute, fully warranted by its language, should be to give effect to that intent. I would reverse.

MANTZ and MULRONEY, JJ., join in this dissent.