ERVIN, Attorney General v. CAPITAL CITY POST, Inc., et al.

Circuit Court, Leon County.

December 30, 1955.

Richard W. Ervin, Attorney General, Howard S. Bailey, Assistant Attorney General, both of Tallahassee, for plaintiff.

Weldon G. Starry, Tallahassee, for defendants.

HUGH M. TAYLOR, Circuit Judge.

By a complaint praying for a declaratory decree the Attorney General of Florida seeks an adjudication that the laws of the state regulating elections are violated by the publication in a newspaper of an advertisement paid for by a private citizen, the effect and purpose of which is to arouse public sentiment in favor of the nomination and election to a public office of another citizen who has not announced to the public or to any person that he is a candidate for such nomination or election.

Named as defendants are a citizen who desires to cause the publication of such an advertisement and pay therefor and a newspaper publisher desiring to publish the advertisement and receive the payment.

The defendants oppose the granting of the declaration on the following grounds— (1) that the Attorney General may not properly institute and prosecute a suit for the relief sought, (2) that the publication of the proposed advertisement would not violate any statute of the state of Florida, and (3) if the language of any statute forbids such publication, such statute is invalid because it attempts to violate the rights of freedom of speech and of the press as guaranteed by the constitution of the United States and section 13 of the bill of rights of the constitution of Florida.

The court is of the opinion that the Attorney General may properly maintain this proceeding for the purpose of securing a declaration of the law applicable to the factual situation presented, whether or not such declaration is in accordance with his views as to the proper construction of the statutes and the constitutional provisions which have been cited. The complaint discloses that numerous advertisements such as the proposed advertisement here involved have been published in various counties in the state. Section 104.27(9), Florida Statutes 1955, makes it the duty of the Attorney General to represent the state in cases involving alleged violations of section 99.161—which is the statute the validity

and construction of which is here involved. The proper performance of the official duties of the Attorney General requires that he know the answer to the question posed. He needs the answer now. A private citizen and a newspaper publisher, each representing a class advocating a construction of the statutes and applicable provisions of the constitution opposed to that proposed by the Attorney General, are adverse parties. There is thus presented a situation meeting every requirement of the statutes authorizing the entry of declaratory decrees by the courts of the state.

The question whether or not the expenditure of money for, or the publication of, the advertisement in question is contrary to law turns upon a construction of the following statutes—

Section 99.011, Florida Statutes 1955—

The word "candidate" shall mean any person who has announced to any person, or to the public, that he is a candidate for a certain office.

Section 99.061 (2), Florida Statutes 1955—

Candidates for nomination of any recognized political party for the office of governor and all other candidates for state offices are required to file their qualification papers and pay their qualification fees and party assessment to the secretary of state at any time after noon of the first filing date, which shall be the seventy-seventh day prior to the first primary, but not later than noon of the sixty-third day prior to the date of the first primary in the year in which any primary is held.

Subsection 99.161 (2) (d), Florida Statutes 1955—

No candidate for nomination or any committee, organization or person on his behalf shall, prior to noon of the first filing date for the nomination which said candidate seeks, make any expenditures for campaign purposes or for the promotion of his candidacy other than for personal travel and incidental expenses, and all expenditures as defined in this section shall be reported as required by this section from the date of public announcement of his candidacy or from the date of filing of his qualification papers, whichever date shall occur first; provided, that such candidate, or committees or organizations shall be permitted to reserve but make no use of advertising time and space and office facilities prior to qualification.

Subsection 99.161 (4) (a), Florida Statutes 1955—

No contribution or expenditure of money or other thing of value, nor obligation therefor, including contributions, expenditures, or obligations of the candidate himself or of his family, shall be made, received, or incurred, directly or indirectly, in furtherance of the candidacy of any candidate for political office in the state of Florida except through the duly appointed campaign treasurer or deputy campaign treasurers of the candidate.

Subsection 99.161 (7), Florida Statutes 1955—

No expenses shall be incurred by any candidate for election or nomination to political office, or by any person, corporation, or association in his behalf, or in furtherance or aid of his candidacy, unless prior to the incurring of the expense a written order shall be made in and upon the form prescribed, and signed by the campaign treasurer of the candidate authorizing the expenditure, and no money shall be withdrawn or paid by any campaign depository from any campaign fund account except upon the presentation of the written order, so signed, accompanied by the certificate of the person claiming the payment, which certificate shall state that the amount named in the order, or such part thereof as may be claimed, naming the amount claimed, is justly due and owing to the claimant, that the order truly states all of the purposes for which the indebtedness was incurred, and that no person other than the claimant is interested, directly or indirectly, in the payment of the claim, and unless an order for payment in and upon the form prescribed, and signed by the campaign treasurer or deputy treasurer, is presented to the campaign depository; provided that any such authorization may be issued by the campaign treasurer to the candidate for traveling expenses still to be incurred. The order authorizing such expenditure, the certificate, and the order for payment shall be on the same piece of paper.

The first rule of statutory construction is that, if the language of the statute is clear and admits of but one meaning, the legislature should be held to have intended what it has plainly expressed, and there is no room for construction. State ex rel Bie v. Swope (Fla.), 30 So. 2d 748, and authorities there cited.

A statutory definition of a word is controlling and will be followed by the courts. Greenleaf & Crosby Co. v. Coleman (Fla.), 158 So. 421; First National Bank of Miami v. Florida Industrial Commission (Fla.), 16 So. 2d 636.

Applying the foregoing principles the court is of the opinion that the statute before it has a plain and definite meaning. Chapter 99, Florida Statutes, is entitled "CANDIDATES, CAMPAIGN EXPENSES AND CONTESTING ELECTIONS." The first section of this chapter defines a candidate as "any person who has announced to any person, or to the public, that he is a candidate for a certain office." Obviously this is a rather restricted definition, but it is one which has been a part of our statute law for more than forty years, and one with which the court must assume that the members of the legislature were familiar.

It will be observed that throughout section 99.161 the word "candidate" is used to designate the persons whose activities, or in behalf of whom the activities of others, are regulated. If we substitute the statutory definition of "candidate" for that word

wherever it appears, each subsection, each sentence, of the statute has a definite, clear, unambiguous meaning.

The conclusion is inescapable that the statute prohibits advertising only by or on behalf of those persons who have announced their candidacy for office.

It is vigorously argued by the Attorney General that this construction of the statute will defeat the legislative intent and that, for this reason, it should not be adopted.

The legislature is charged with the duty of enacting statutes prohibiting all undue influence upon elections from power, bribery, tumult or other improper practices. Section 26, article III, Florida constitution. The statute under consideration was obviously enacted for the purpose of carrying out this constitutional duty. But the legislature has expressed in the statute, in unmistakable language, that which it considers necessary to comply with the constitutional mandate. The courts have no authority to add to or take from what the legislature has done. The duty of the courts is to construe and apply. It may well be that the members of the legislature did not visualize an active advertising campaign by numerous citizens to induce an individual to become a candidate. If this be assumed, it does not give the courts the power to add to the statute, or to make it cover a situation which is clearly not within the meaning of the language used.

On the other hand it may well be that the legislature, confronted with the duty of enacting a statute preserving the purity of elections deemed it sufficient to regulate the expenditure of money in advertising in behalf of announced candidates. This argument may be fortified by a consideration of the fact that the legislature did fix a date far in advance of the primary elections by which each person to be voted upon in the primary must qualify as a candidate with a designated public officer and thus announce his candidacy if he has not previously done so. Thereafter he and his candidacy come within the operation of the statute. If the statute, in its present form, fails to accomplish its purpose, the legislature is the instrumentality of government to make the necessary corrections. It might do this by requiring candidates to qualify a longer period of time before the date of the elections. It might do this by changing the definition of the word "candidate" as used in the statute. It might devise other means of making the statute better serve its intended purpose if, in practical operation, the statute in its present form is found to be insufficient.

It may be well to state that the court is not at this time passing upon a situation in which a person desiring to be elected to public office may attempt to evade the statute by making secret, private or confidential announcement of his candidacy and conspire with others to promote and conduct a campaign without complying with the statute. If an individual has made an announcement to *any* person of his candidacy, he comes within the statute no matter how confidential such announcement may be. Nor is the court called upon at this time to determine what may or may not constitute an "announcement".

Having reached the conclusion that the acts described in the complaint in this cause are not in violation of the statute as written, the court does not make any decision as to the constitutional validity of the statute.

It is, therefore, considered, ordered, adjudged, decreed and declared by the court that no statutes of the state of Florida are violated by a citizen who contracts for or pays for the publication of an advertisement urging the fitness or qualifications of, or intended to arouse public sentiment in favor of, a person whom such citizen desires to induce to become a candidate for public office if the individual in whose favor such advertisement is published is not a candidate for office within the definition of that term as found in section 99.011, Florida Statutes 1955, nor is any law violated by any newspaper publishing such advertisement and receiving compensation therefor.