## FISHER v. AMERICAN FIRE AND CASUALTY CO.

Circuit Court, Pinellas County, Civil Appeal.
December 17, 1956.

William M. Mackenzie, Jr., Clearwater, for appellant.

Erle B. Askew and Forrest Hoffman, both of St. Petersburg, for appellee.

ORVIL L. DAYTON, Jr., Circuit Judge.

This cause comes on appeal from the civil and criminal court of record of Pinellas County. The facts are briefly that plaintiff, M. E. Flohra, consigned a trailer coach to one Tom N. Hooker to be sold by Hooker for $3,000 net to plaintiff Flohra. Hooker sold the trailer coach and absconded with the money. Plaintiff then filed this suit in the court below in the name of the state motor vehicle commissioner against the defendant, American Fire and Casualty Co., as surety on Hooker's bond.

Plaintiff contends that the statute, which required Hooker to post a $5,000 bond in order to obtain a license as a trailer coach dealer, was designed to protect all members of the general public who deal with trailer coach dealers and that such protection is extended to consignors as well as to purchasers of trailer coaches. Defendant contends that the protection afforded by the statute is limited to those who purchase trailers from licensed dealers.

The statute in question, section 320.80, Florida Statutes 1955, with reference to the bond required, is entitled—"An act providing for the licensing of firms, persons and corporations dealing in trailer coaches . . . providing qualifications, license fee, bond and other provisions for the protection of the general public . . . "

The provision of the statute with reference to the bond requires that the bond—"shall be conditioned upon compliance with the conditions of any contract in writing made by the dealer relative to the sale or exchange of any vehicle made by said dealer and the fulfillment of any written warranty with any purchaser."

The statute further provides that—"Said bond shall be to the motor vehicle commissioner and his successors in office, in favor of any purchaser of any trailer coach, as defined in this act and against any agent or dealer, as defined in paragraphs 1 and 2 of section 1 of this act, when said purchaser shall suffer any loss or damage as a result of any misrepresentation as to the condition, quality or otherwise of said trailer coaches, as defined by paragraph 3 of this act."

The question now on appeal before this court may be stated as follows—

"Where the title of an act of the legislature providing for the licensing of trailer coach dealers states that it contains provisions for the protection of the general public, and the body of the act states that the bond required by dealers shall be in favor of any purchaser who suffers loss as a result of any misrepresentation as to the condition, quality, etc., of any trailer coach, does the fair meaning of the language used permit the inclusion of one who consigns a trailer coach for sale by a licensed dealer in addition to one who purchases a trailer coach and suffers loss by reason of the dealer's representation?"

In construing this statute to determine the legislative intent the court must read all pertinent portions of the act in pari materia.

The title of the act states that it contains provisions for the protection of the general public, while the body of the act states specifically that the bond required shall be in favor of any purchaser.

The Supreme Court of Florida stated in Catts v. Winburn, 88 So. 918—"While the obligation of the sureties on official bonds should not be extended beyond the fair meaning of the language used, yet the law in force is a part of the bond and the terms used should be fairly construed to accomplish the security designed, within the scope of the language used taken with controlling provisions of law covering the subject."

In order to determine from the language of the statute what security was designed, the court must therefore apply the accepted rules of statutory construction.

Our Supreme Court has often cited with approval the maxim "Expressio unius est exclusio alterius" or "Express mention of one

thing is the exclusion of another." Dobbs v. Sea Isle Hotel, 56 So. 2d 341.

The legislature in the act now under consideration expressly mentioned that the bond shall be conditioned—"in favor of any purchaser .... when said purchaser has suffered any loss."

The statute does not expressly mention anyone except a purchaser to be protected by the dealer's bond. It must be assumed that the legislature gave full consideration to the subject, and wrote into the act those provisions which it deemed proper to accomplish the security intended.

This court cannot extend the meaning of the language used to include a class of persons which the legislature did not include among those to be protected by the required bond. The judgment of the lower court will be affirmed. An appropriate order may be prepared from this opinion.