QUESTION: Do the definitions contained in s. 2, Ch. 75-240, Laws of Florida [s. 633.021(12), F. S.], include all automatic fire alarm systems, including those not installed in connection with a sprinkler system?
SUMMARY: Only those fire alarm systems which are an integral part of or connected with or related to fire protection systems as defined in s. 633.021(12), F. S., and the contractors who design, install, repair, inspect, and service them are intended to be regulated by Ch. 633, F. S. The definitions contained in s. 2 of Ch. 75-240, Laws of Florida [s. 633.021(12)], do NOT embrace and include fire alarm systems that are not a part of or connected with or appurtenant to automatic or manual sprinkler systems protecting buildings or structures from fire. Section 633.021(12), F. S., defines a fire protection system as consisting of . . . an automatic or manual sprinkler system designed to protect the interior or exterior of a building or structure from fire. Such systems shall include, but not be limited to, water sprinkler systems, water spray systems, foam water sprinkler systems . . . Halon and other chemical and automatic alarm systems used for fire protection use. Such systems shall also include . . . air lines and thermal systems used in connection with sprinkler and automatic alarm systems, and tanks and pumps connected thereto. (Emphasis supplied.) The first sentence of s. 633.021(12) actually defines the system to consist of automatic or manual sprinkler systems, and the second sentence goes on to, in effect, define "such systems" to include, i.e., as part of the sprinkler systems, automatic alarm systems and certain chemical alarm systems. Use of the phrase "include but not limited to," is one of enlargement rather than limitation, Argosy Limited v. Hennigan, 404 F.2d 14
(5th Cir. 1968); 10B Fla. Digest Statutes s. 199; and other parts, devices, equipment, and appurtenances, though not enumerated in s.633.021(12), that pertain to, are connected with, are part of, or are appurtenant to an automatic or manual sprinkler system or are otherwise used or employed in such sprinkler systems would also be included if in effect they are or become a part of the sprinkler systems. Thus, the statute does not embrace or include, but rather it impliedly excludes from its operation, alarm systems or any other devices or system not a part of or connected with a sprinkler system. While Rule 4A-3.09(3), F.A.C., provides the fire marshal's definition of an automatic fire alarm system, which the fire marshal was authorized to promulgate by rule (s. 633.05, F. S.), in the absence of an express statutory definition, and there previously having been no definition of a fire alarm system in Ch. 633, F. S., the Legislature, by its amending of Ch. 633 by enacting Ch. 75-240, Laws of Florida, and by providing for the definition of such systems in s. 633.021(12), has preempted the fire marshal's definition and replaced it through the passage of s. 633.021(12). A statutory definition of a term takes precedence and controls over all other definitions. First Nat. Bank v. Florida Industrial Com., 16 So.2d 636 (Fla. 1944); Greenleaf 
Crosby Co. v. Coleman, 158 So. 421 (Fla. 1934); Ervin v. Capitol Weekly Post, Inc., 97 So.2d 464 (Fla. 1957); Richard Burtram Co. v. Green, 132 So.2d 24 (Fla.App. 1961). Whereas no statutory definition appears within the provisions of Ch. 633, supra, or Ch. 75-240, supra, other than that inherent in or implicit in s.633.021(12) and (13), the fact that s. 633.01(3) refers to "fire alarm systems" and "fire extinguishing equipment" and the fire marshal is empowered to enforce (only) "all laws . . . relating (thereto)," and if there are no laws relating thereto other than s. 633.021 definitions, the remaining applicable parts of Ch. 633, as amended by Ch. 75-240, must refer to "fire extinguishing equipment," "fire extinguishers," "fire extinguishers and systems," e.g., ss. 633.01, 633.05, 633.061, and "fire protective equipment" in s. 633.065. Contractors, as defined by s.633.021(13), F. S., are those . . . whose business includes the execution of contracts requiring the art, ability, experience, knowledge, science, and skill intelligently to lay out, fabricate, install, inspect, alter, repair, or service all types of fire protection systems, piping or tubing, and appurtenances and equipment pertaining thereto, including . . . air lines and thermal systems used in connection with sprinkler and alarm systems, and tanks and pumps connected thereto. (Emphasis supplied.) The "all types of fire protection systems" has reference to the various systems defined and enumerated in s.633.021(12), supra, and appurtenances thereto. It is clear from the language employed by the Legislature in enacting this chapter that only those fire alarm systems which are an integral part of or connected with or related to fire protection systems [as defined in s. 633.021(12), F. S.] and the contractors who design, install, repair, inspect, and service them, are intended to be regulated by Ch. 633, F. S. It is a general principle of statutory construction that the mention of one thing implies the exclusion of another. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Biddle v. State Beverage Dept., 187 So.2d 65 (Fla.App. 1966). Where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). A court cannot extend the meaning of language used to include a class of persons that the Legislature did not refer to, even though the title of the act contains a statement that the legislation is for the protection of the general public. Fisher v. American Fire Casualty Co., 10 Fla. Supp. 81, cert. den.,101 So.2d 150 (Fla. 1956). When the language of a statute is both clear and reasonable, and logical in its operation, a court should not speculate as to what the Legislature intended. In re Estate of Levy, 141 So.2d 803 (Fla.App. 1962); Tropical Coach Line, Inc. v. Carter, 121 So.2d 779 (Fla. 1960); In re Estate of Jeffcott,186 So.2d 80 (Fla.App. 1966). Moreover, an administrative agency or officer of the state possesses no power not granted by statute, and any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof. State ex rel. Greenberg v. Florida State Bd. of Dent., 297 So.2d 628 (1 D.C.A. Fla.), cert. dismissed,300 So.2d 900 (Fla. 1974); City of Cape Coral v. G.A.C. Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973). Your question as stated is therefore answered in the negative.