JOHN EYSINK, Appellee, v. BOARD of SUPERVISORS of JASPER COUNTY, Appellant.

No. 45451.

FEBRUARY 18, 1941.

Ver Ploeg, Ver Ploeg & Ver Ploeg, for appellee.

John M. Rankin, Attorney General, John E. Mulroney, Assistant Attorney General, and Luther M. Carr, County Attorney, for appellant.

GARFIELD, J.—John Eysink, appellee, occupied the property in question as his homestead during the entire year 1936. He had acquired an undivided one-half interest in the property by deed, and the remaining interest was owned by blood relatives. Appellee had already paid the taxes for 1936. On May 28, 1937, he filed application for homestead tax credit for 1936. On July 22, 1937, the Board of Supervisors allowed a refund for 1936 in proportion to the undivided half interest owned by appellee. In other words, half of the maximum tax credit was allowed. In the month of October 1937, appellee received a refund for the 1936 tax of $29.18, this being one half the full credit. On March 14, 1940, appellee appealed to the district court where he was allowed the full credit. It is the contention of appellant Board that its action in allowing appellee the credit proportionate to his interest in the property was correct under a proper interpretation of the Homestead Tax Credit Act, now chapter 329.6, Code, 1939.

I. The act in question, chapter 195, Acts of the Forty-seventh General Assembly, now Code section 6943.152, provides as follows:

"Definitions. For the purpose of this chapter and *wherever used in this chapter*: * * * The word, 'owner', shall mean the person who holds the fee simple title to the homestead, and in addition shall mean the person occupying as a surviving spouse or the person occupying under a contract of purchase where it is shown that not less than one-tenth of the purchase price * * * has been paid, * * * or the person occupying the homestead un-

der devise or by operation of the inheritance laws where the whole interest passes or where the divided interest is shared only by blood relatives, or by legally adopted children, or where the person is occupying the homestead *under a deed which conveys a divided interest where the other interests are owned by blood relatives* or by legally adopted children.'' (Italics supplied.)

Section 11 of. the act provides in part:

''Any person who is the owner of a homestead, *as defined in this act,* and who desires to avail himself of the benefits provided hereunder for the 1936 taxes payable in 1937 * * * may do so by filing a verified statement with the county auditor,'' etc. (Italics supplied.)

The law took effect in March 1937. The first taxes affected by the act were those for the year 1936.

Appellant concedes, as well it must, that appellee falls plainly within the statutory definition of owner. No question is made with regard to his occupancy of the property as a homestead under a deed which conveyed to him an undivided one-half interest, the remaining interest being owned by blood relatives. The principal point urged upon us is that since this is a tax credit statute, it was the intention of the legislature, to be gathered from the act as a whole, that the credit should be limited to the amount which the appellant himself was under legal liability to pay.

With regard to this same act, this court observed in Ahrweiler v. Board, 226 Iowa 229, 283 N. W. 889, that the statute should be strictly construed, and those claiming exemption thereunder must show themselves entitled thereto. See the authorities cited on page 231 of 226 Iowa, page 890 of 283 N. W. A further authority for strict construction of statutes under which tax exemptions are claimed is Hale v. Board, 223 Iowa 321, 326, 271 N. W. 168, 171. It is doubtless true, as appellant contends, and as we observed in the Ahrweiler case at page 231 of 226 Iowa, page 890 of 283 N. W., that in attempting to arrive at the correct interpretation of the act, the court should consider the entire act, and construe its various provisions in the light of their relation to the whole. Even though we are to observe the rule of strict construction and consider all of the provisions of the

act, appellant has not pointed out, nor have we been able to find, any provision of the act which casts any doubt upon the correctness of the conclusion that appellee was an owner within the terms of this law.

It will be observed, that in addition to a fee simple titleholder, the term "owner" also includes, according to the statute:

(1) Surviving spouse;

(2) Purchaser under recorded contract, with ten percent of the purchase price paid;

(3) Devisee or heir of deceased owner;

(4) Devisee or heir of an undivided interest where the remaining interest passes to blood relatives or adopted children; and

(5) Grantee of a deed of a fractional interest where the other interests are owned by blood relatives or adopted children.

None of these five enumerated classes of owners other than a fee simple titleholder is necessarily under legal liability to pay all the taxes, with the exception of one who is a sole devisee or heir. Were we to adopt appellant's theory that the amount of the tax credit is limited by the liability of the appellant personally to pay the tax, we would remove from the class of owners not only appellee and those similarly situated, but also the surviving spouse, the contract purchaser, and the heir or devisee of a fractional interest where the remaining interest is held by blood relatives or adopted children.

We find nothing doubtful or ambiguous about the statute. It must be remembered that it is only where a statute is of doubtful or uncertain meaning that courts are at liberty to apply rules of construction. Where the language of a statute is plain and unambiguous and its meaning clear, courts are not permitted to search for its meaning beyond the expressed terms of the statute. This court has no power to write into the statute words which are not there. These rules are of course elementary, and do not require the citation of authorities. As especially applicable, however, see 25 R. C. L. 957, section 213; Palmer v. Board, 226 Iowa 92, 95, 283 N. W. 415, 416; Mathewson v. Board, 226 Iowa 61, 67, 283 N. W. 256, 260; HOLC v. District Court, 223 Iowa 269, 271, 272 N. W. 416, 417; Smith v. Sioux City Stock-

yards, 219 Iowa 1142, 1149, 260 N. W. 531, 534; Hahn v. Clayton County, 218 Iowa 543, 551, 255 N. W. 695, 699.

As this court observed in a case involving the construction of the Sales Tax Act, ''In construing this statute we are bound by the definition of terms made use of by the legislature. * * * 'the legislature is its own lexicographer.' '' Sandberg Co. v. Board, 225 Iowa 103, 107, 278 N. W. 643, 645.

Appellant relies upon the Ahrweiler case, supra. In that case we held that the word ''and'' used in the Homestead Tax Credit Act allowing an owner credit ''for the 1936 taxes payable in 1937 and for the 1937 taxes payable in 1938'' should be construed as a conjunctive with reference to a homestead eligible to the exemption for both years, but when used with reference to a homestead eligible for only one of the two years, the word ''and'' should be construed as a disjunctive, equivalent to the word ''or.'' The correctness of the decision in the Ahrweiler case can scarcely be questioned and was arrived at by a consideration of well recognized rules of construction. This court should be glad to do anything it properly can to discourage use by the legislature of the hybrid ''and/or.''

The following language from the Ahrweiler opinion, (page 235 of 226 Iowa, page 892 of 283 N. W.), is inconsistent with appellant's position and indicates that the exemption contemplated by the statute is to the homestead rather than to the owner:

''The tax credit is not a credit to the owner but to the homestead, although this results in benefit to the owner and cash refunds were allowed taxpayers who had paid such taxes prior to the allowance of the credit. That the credit is to the property, as distinguished from the owner, is evident from various provisions of the act. The credit (or refund) is given against the tax on the homestead and the taxpayer makes claims therefor as owner of the homestead.''

II. Appellant urges that if the Homestead Tax Credit Law is interpreted to give full credit to an owner of an undivided interest, then it is discriminatory and in violation of section 6, Article I, and section 30, Article III of the State

Constitution. This contention cannot avail appellant. In the first place, no such claim seems to have been made until the case reached this court. Appellee says that if any such contention had been made in the court below, it would have offered pertinent evidence bearing upon this issue. Furthermore, although it is true that where a statute is fairly open to two constructions, one of which will render it constitutional and the other of doubtful constitutionality or unconstitutional, the construction upon which it may be upheld should be adopted, this rule has no application unless the statute is fairly open to two constructions.

We are clearly of the opinion that the rule contended for by appellant has no application to the present case, because the statute is fairly open to but one construction, namely, that appellee is an owner within the express language of the act and entitled to the tax credit to the full amount of $2,500 in valuation. A case closely in point on this issue is New York Life Ins. Co. v. Burbank, 209 Iowa 199, 208, 216 N. W. 742, 746, where the court observes in speaking of a tax statute that "it is not the province of the court to amend the law in order to save its constitutionality,—to give to it a meaning which the legislature did not intend."

Appellant cites but one Iowa case, Keefner v. Porter, 228 Iowa 844, 293 N. W. 501, in support of its contention that if the construction contended for by it is not adopted, the statute is discriminatory, in violation of the constitution. In the Keefner case the court holds that chapter 109, Acts of the Forty-eighth General Assembly, known as the Agricultural Land Credit Act, is an invalid discrimination against agricultural lands not located in an independent school district. The attack upon the act was made by a taxpayer against whom the act discriminated.

For the reasons above indicated and for the further reason that a constitutional question should not be considered except when necessarily involved and then only after the fullest argument and investigation (see New York Life Ins. Co. v. Burbank, supra, at page 208 of 209 Iowa, page 746 of 216 N. W.), we do not feel called upon to determine whether the stat-

ute could be successfully attacked as discriminatory. Attention is called, however, to the observation made by this court in State ex rel. Welsh v. Darling, 216 Iowa 553, 246 N. W. 390, 88 A. L. R. 218, at page 556 of 216 Iowa, page 391 of 246 N. W., that "the legislature exercises a wide discretion in the determination of classifications as a basis of legislative enactments." This language was repeated in Tolerton & W. Co. v. Board, 222 Iowa 908, 270 N. W. 427, at page 912 of 222 Iowa, at page 429 of 270 N. W. In the Darling case a statute was upheld which authorized a park board in cities "now [or hereafter] having a population of 125,000 or more." [Section 5813.2, Code, 1939.]

III. Appellant also contends that appellee was barred by acquiescence and laches from prosecuting his appeal to the district court.

It will be recalled that the order of appellant Board allowing only a half credit was made on July 22, 1937; that the refund on the basis of this credit was made in October 1937. Appellee accepted the refund. The appeal to the district court was not taken until March 14, 1940.

Section 11 of the act (chapter 195, Acts of the Forty-seventh General Assembly) provides in part as follows:

"The board of supervisors in each county shall forthwith examine all such claims and shall either allow or disallow same * * * and *in the event of disallowance shall notify the claimant of such action by mailing a written notice thereof addressed to claimant at his last known address.*" (Italics supplied.)

Section 10 of the act, now section 6943.148, Code, 1939, provides in part:

"Appeals permitted. Any person whose claim is denied under the provisions of this chapter may appeal from the action of the board of supervisors to the district court * * * by giving written notice of such appeal to the county auditor of said county within twenty days *from the date of mailing of notice of such action by the board of supervisors.*" (Italics supplied.)

It is conceded that appellant Board never mailed any notice

of disallowance to appellee as required by statute. It is our conclusion that since no written notice was ever mailed to appellee, the appeal was taken within the time permitted by statute. It is the general rule that where, by statute, the time for taking an appeal does not commence to run until the appellant has been given notice of the judgment or order of which he complains, the notice is required, even though the party entitled to the notice has actual knowledge of the judgment or order. See 3 Am. Jur., page 148, section 431; 4 C. J. S., section 428, page 885; section 447, page 917. Courts favor the right of appeal and legislation which limits that right must be faithfully observed in order that the bar interposed by the statute shall become operative. Appellee took his appeal from the order of the board within the time permitted by statute and an appeal so taken is not to be held barred by laches. See, in addition to the texts above cited, State ex rel. Weiss v. Moriarty, 203 Minn. 23, 279 N. W. 835; Western Elec. Co. v. Dorman, 47 S. D. 195, 197 N. W. 227; Braun v. Thuet Bros., 42 S. D. 491, 174 N. W. 807, and as having some bearing, Jefferson v. Century Sav. Bk., 143 Iowa 83, 120 N. W. 308.

The acceptance by appellee of the refund did not bar his right to appeal from the order of the board. This amount was admittedly due appellee. There is no reason why he should not have accepted this remittance. By so doing he was not precluded from contending that the full credit should have been allowed him. Where a judgment or order is made for only the uncontroverted part of a claim, the acceptance of payment of such part does not preclude the right of appeal to determine whether more should not have been allowed. 2 Am. Jur., page 979, section 216; Nickle v. Mann & Clute, 211 Iowa 906, 232 N. W. 722; Altoona Sav. Bank v. Pace, 195 Iowa 447, 192 N. W. 251; In re Youngerman, 136 Iowa 488, 114 N. W. 7, 15 Ann. Cas. 245.

The judgment of the district court is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.