IOWA PUBLIC SERVICE COMPANY, Appellee, v. CARL R. RHODE et al., Appellants.

No. 45633.

June 17, 1941.

Swisher, Swisher & Cohrt and J. Dean Evans, for appellee.

J. Charles Crawley, Homer M. Lyon, and George Finch, for appellants.

Garfield, J.—Claimant, Carl R. Rhode, was employed by appellee, Iowa Public Service Co., from October 10, 1938, to November 2, 1938, and again from on or about April 3, 1939, to November 7, 1939, on which date he voluntarily quit his job, without good cause attributable to appellee, in order to accept employment with the Viking Pump Co. His employment with the pump company terminated on December 30, 1939, due to lack of work. On November 9, 1939, appellee in accordance with the rules of the Iowa Unemployment Compensation Commission (herein referred to as the commission) gave notice to the commission that claimant had left its employment voluntarily and without good cause attributable to the employer. On January 5, 1940, claimant registered for employment and filed claim for unemployment compensation benefits, naming the Viking Pump Co. as his last employer, and stating that the termination of his employment was due to lack of work.

The claims deputy of the commission found that claimant's employment with the Viking Pump Co. removed any disqualification in connection with his quitting his employment with appellee, and allowed the claim. The Appeals Tribunal affirmed the deputy. This decision of the Appeals Tribunal was affirmed by the commission by a two to one vote of the commissioners, Chairman Claude M. Stanley of the commission dissenting. The decision of the commission appears to be based upon a somewhat different theory than that of the claims deputy and Appeals Tribunal, namely, that claimant by voluntarily quitting his job

with appellee did not disqualify himself from receiving benefits, for the reason that his unemployment was due to lack of work and not to quitting his job with appellee. Upon appeal to the district court the majority decision of the commission was reversed, and claimant was held to be disqualified from receiving benefits. From this decision claimant and the commission have appealed to this court.

The single question presented by this controversy is the construction to be given section 1551.11(A), Code, 1939, a provision of the Iowa Unemployment Compensation Law, appearing in chapter 77.2, Code, 1939, reading as follows:

"DISQUALIFICATION FOR BENEFITS. 1551.11 Causes. An individual shall be disqualified for benefits: A. *Voluntary quitting.* If he has left his work voluntarily without good cause attributable to his employer, if so found by the commission."

It is the contention of appellant commission that notwithstanding the plain provision of section 1551.11(A) a claimant is not disqualified from receiving benefits unless unemployment is caused by voluntarily leaving his work; that claimant's unemployment is not due to quitting his job with appellee but to lack of work. It is argued that the unemployment compensation law must be interpreted as an entirety and the above-quoted section construed as part of the whole. We are also told that the interpretation placed upon section 1551.11(A) is irrational; that it destroys individual initiative, and that it defeats the objectives of the law as a whole.

We agree that the decision of the trial court must be affirmed.

 It is doubtless true, as the commission argues, that in attempting to arrive at the correct interpretation of any provision of the law in question the court should consider the entire act and construe its various provisions in the light of their relation to the whole. This is a fundamental rule of statutory construction. Ahrweiler v. Board, 226 Iowa 229, 231, 283 N. W. 889, 890; Drazich v. Hollowell, 207 Iowa 427, 429, 223 N. W. 253. This rule is of little aid to the commission in the present controversy, however. Counsel have not pointed out, nor have we been

able to find, any other provisions of the law which cast any doubt upon the plain and unambiguous meaning of the disqualifying section upon which appellee relies. It is suggested that section 1551.08 headed "Declaration of state public policy" and which is a "guide for interpretation" of the law as a whole supports appellants' view of the construction that should be given 1551.11(A). The particular language of 1551.08 relied upon is as follows:

"The legislature, therefore, declares that in its considered judgment the public good, and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own."

We are unable to see any inconsistency between the quoted language of 1551.08 and the plain meaning of 1551.11(A).

We are able to find nothing of doubtful meaning in section 1551.11(A). It is only where a statute is ambiguous or of uncertain meaning that courts are at liberty to apply rules of construction. Where the language of a statute as written is plain and the meaning clear, courts are not permitted to search for its meaning beyond the express terms of the statute. The commission, in effect, would have us read into the statute disqualifying one who has voluntarily left his work without cause attributable to the employer some such condition as "provided there is causal connection between the voluntary quitting and the unemployment." This is a matter for the consideration of the legislature with which this court cannot concern itself. This court has no power to write into the statute words which are not there. See Eysink v. Board, 229 Iowa 1240, and cases cited 1244 to 1245, 296 N. W. 376, and cases cited 378.

Without passing on whether the dire consequences which counsel anticipate will result from construing the section in question according to the plain meaning thereof, it is a sufficient answer that this is also an argument to be addressed to the legislature and not to the courts. As said in In re King's Estate, 105 Iowa 320, 325, 75 N. W. 187, 189:

"If the legislative intent is clear, we have nothing to do with consequences; but, if the statute is ambiguous or obscure, we may well and properly consider results, in interpreting it."

The trial court held in accordance with the views of dissenting commissioner Stanley that under section 1551.11(A), claimant was disqualified from receiving any of the benefits provided by the unemployment compensation law based on his wage credits that were at the time of his voluntarily quitting credited to his account, and to which benefits he would have been entitled had there been no statutory disqualification. Counsel argue that this construction of the statute is illogical and unjust. It seems to us, however, that it is a fair deduction to make from the statute.

In this connection, it is to be noted that under the law as originally enacted the provision here under consideration was as follows, (section 5, chapter 102, Acts of the Forty-seventh General Assembly):

"An individual shall be disqualified for benefits: (a) For the week in which he has left work voluntarily without good cause, if so found by the commission, and for not less than one nor more than the five weeks which immediately follow such week (in addition to the waiting period), as determined by the commission according to the circumstances in each case."

This law was changed by chapter 64, Acts of the Forty-eighth General Assembly, to read as it now appears in section 1551.11(A), Code, 1939, above quoted. It is to be noted that under the amendment to the statute there has been added to the following words, "if he has left (his) work voluntarily without good cause," the words "attributable to his employer." It is further to be noticed that under the old law the disqualification applied only "for the week in which he has left work" and "for not less than one nor more than the five weeks" thereafter, "as determined by the commission according to the circumstances of each case." This provision is repealed by the amendment. It seems to us that the removal by the legislature of the limitation from the disqualification supports the construction given the present statute by the trial court. Unless claimant

is disqualified from receiving the amounts credited to him by the commission at the time he voluntarily left his work with appellee, the statute should provide some basis for a different conclusion.

Counsel make some other contentions which we have carefully considered but do not discuss. Since we agree with the construction of the law in question arrived at by the trial court, and since it is conceded that claimant voluntarily left his work without cause attributable to appellee (the commission so finding), the judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.