LAYNE et al. v. OKLAHOMA TAX COMMISSION et al.

No. 32477. March 18, 1947.

Rehearing Denied April 24, 1947.

*179 P. 2d 683.*

J. K. Wright and Brown, Darrough & Ball, all of Oklahoma City, for plaintiffs in error.

E. L. Mitchell and W. F. Speakman, Tax Commission Attorneys, for defendants in error.

CORN, J. This is an appeal from an order of the Oklahoma Tax Commission denying claim of plaintiffs in error for a refund of taxes ($5,247.39), paid under protest. The taxes had been assessed and collected under the provisions of House Bill 59, S. L. 1943, 68 Okla. Stat. Ann. §§ 1541-1544, inclus-

ive, commonly known as the "Juke Box Law." The application for refund was denied November 29, 1945.

The hearing before the Tax Commission on the claim for refund was based upon the following stipulation (quoting the pertinent portions):

"It is hereby stipulated and agreed . . . that the facts involved in the claim or demand asserted by claimants are as follows:

"Equipment

"It is stipulated that the equipment used by claimants is substantially as follows: Claimants maintain a centrally located studio in Oklahoma City; they have, by proper arrangements with the telephone company, installed telephone cables running from various locations through the telephone central office to claimant's studio; for each location there are two telephone cables, one connected with a coin receiving receptacle similar to that of a pay telephone station, the other cable is connected with an amplifier. Each of these cables connect to a telephone switch board maintained in the studio of claimants.

"It is further stipulated that claimants maintain musical instruments, turn tables, a large number of records, ear receiving sets and transmitters.

"Operation

"It is further stipulated that in the operation of claimants business, they must maintain a corp of capable operators in the studio. A patron desiring to have a musical number played must be at one of the locations to which claimant's telephone lines are extended; he will deposit a coin in the coin receptacle box which causes contact to be made, through the telephone cable, with the switch board in claimant's studio; a young lady, observing the signal on the switch board, will plug in or make the other contact with this particular cable. The patron orally communicates with the operator and requests a certain number. The operator will select the musical record, place it on a turn table, start the instrument in motion, and make contact with the second telephone cable leading back to the amplifier. For this operation, it is necessary that claim-

ants maintain a corp of operators, being twelve or fifteen in number, and maintaining a twenty-four hour per day service. The placing of a coin in the coin receptacle does not, within itself, produce any music. It only enables the patron to have telephone connection with an operator in claimant's studio. If the music is furnished, it must be by the music produced by musicians in the studio, or by being reproduced by a record placed on a turn table by the operator, and connected with, and transmitted by the second telephone cable. The patron, after having deposited his coin in the receptable, may not request a musical number, but may request a birthday greeting or similar salutations to be conveyed to another person in some other location or may request that musical number to be dedicated to a certain individual known to be there. In claimant's operations, federal communications tax of 25% on leased telephone wires, plus 2% sales tax to the state, are assessed and paid by claimants to the telephone company who in turn remits to the government and the state. In addition thereto, claimants pay and report 2% sales tax on the gross receipts."

Only the title and section 1 of the above cited act are pertinent to this appeal. They provide as follows:

"An act levying a tax of Ten per cent (10%) on the gross deposits in coin-operated Music Boxes and Machines; providing for the distribution of the proceeds of said tax for the support of State Government; requiring operators of such music boxes and machines to make monthly reports and pay the amount of tax due to the Oklahoma Tax Commission; defining terms, prescribing penalties; and declaring an emergency.

"Be it Enacted by the People of the State of Oklahoma:

"Definitions.

"Section 1. The term 'music box or machine' shall mean and include any and all mechanical devices operated by means of insertion of a coin, token or similar object which causes such device to play or reproduce music. The term 'operator' as used herein shall mean and include every person who maintains for use or permits the use on any place or premises occupied by him of any music

box or machine, or who places any music box or machine owned or possessed by him upon any place or premises owned, occupied or maintained by another under any agreement by which the owner or possessor of such machine may, either directly or indirectly, receive any portion of the proceeds derived from the operation of such machine."

The basis of this appeal is that the act in question was not meant to, and in fact does not, apply to the business operated by plaintiffs in error, and consequently the taxes paid under protest should be refunded. Supporting this contention plaintiffs in error submit two propositions.

We shall first consider the second proposition, that the act in question clearly limits its application to designated types of machines, under which those being operated by plaintiffs in error, on which the taxes were paid, could not reasonably be included.

It is urged that the Legislature intended to include within the operation of the act only mechanical boxes which reproduce music within themselves upon deposit of a coin. And, further, that since the manner of operation herein considered depends upon an intervening human agency, the depositing of a coin does not cause the device to reproduce music, as required by the definition of the act. In this connection they point out the stipulation, "The placing of a coin in the receptacle does not, within itself, produce any music. It only enables the patron to have telephone connection with an operator in claimant's studio."

Thus the question to be determined is whether, in view of the facts reflected by the stipulation, the human intervention between the dropping of the coin and the playing of the music takes this particular instrumentality out of the definition of "mechanical device operated by means of insertion of a coin, . . . which causes such device to play or reproduce music."

Mechanical is defined as having relation to, produced or accomplished by, the use of mechanism or machinery. Device is defined as an invention or contrivance. Black's Law Dictionary, DeLuxe Edition.

The act of inserting a coin puts into operation the chain of occurrences which result in music being produced for the patron. Without the coin receptacle, and its resultant signal, the system is inoperative. Without the mechanical devices mentioned, music can neither be played, nor reproduced for the patron who expends the coin. The only real differences between this system and the ordinary mechanical record player, or juke box, are found in the fact that the patron requests a particular selection by word of mouth rather than by mechanical selection; the selection is placed upon the turn table for playing by a human hand rather than by mechanical means; and the music so reproduced is carried from the point of origin over a telephone wire to an amplifier located in the immediate vicinity of the patron, rather than the record and amplifier both being contained in one box at the point where the music is reproduced.

While it is to be seen that this system differs in operation from the ordinary mechanical record player (or juke box) the intent and result of the system are the same. Mechanical music is offered for prospective patron's pleasure. A coin must be deposited in the proper receptacle to put into motion the different acts which produce this music, and the music itself is reproduced from mechanical devices and contrivances only upon deposit of a coin by the patron.

In view of these circumstances we conclude that the system herein considered is a mechanical device, operated by insertion of a coin which causes the device to reproduce music within the meaning of the act, and was intended to be covered by and comes within the provisions of the act.

By reason of our holding it is unnecessary to consider the matters presented under the first proposition, based upon the general rule that statutes levying taxes are to be construed most strongly against the government.

Order affirmed.

HURST, C.J., and RILEY, OSBORN, and BAYLESS, JJ., concur. DAVISON, V.C.J., and GIBSON, J., dissent.

Second Petition for Rehearing Denied April 24, 1947.