RICHARD C. COOK et ux., appellants, v. CLARENCE (JAP) BORNHOLDT, KNUD MADSEN, d/b/a WESTSIDE RECREATION et al., appellees.

No. 49596.

(Reported in 95 N.W.2d 749)

APRIL 8, 1959.

Manning Walker, of Avoca, for appellants.

Wyland & Rock, of Avoca, for appellee Earl Spalti.

Hines & Higgins, of Harlan, for appellees Rose and Joseph Wagner.

Turner & Turner, of Avoca, for appellee Clarence (Jap) Bornholdt.

Wright & Kistle, of Council Bluffs, for appellee Knud Madsen.

GARFIELD, J.— ■ The question presented is whether beer containing not more than 4% of alcohol by weight is intoxicating liquor within the meaning of the Dram Shop Law, chapter 129, Codes 1954, 1958, under which this action was brought. Upon the authority of Cowman v. Hansen, 250 Iowa 358, 92 N.W.2d 682, we affirm the trial court's negative answer to this question.

Plaintiffs are parents of a boy, 19, who died from injuries received when an automobile driven by him left the highway and overturned. Plaintiffs' petition alleges the wreck was caused by the boy's intoxication from drinking beer, containing not more than 4% of alcohol, in taverns owned and operated by defendants and due to his intoxication he became reckless in operating the automobile.

The action was brought under Code chapter 129, commonly called the Dram Shop Law, particularly section 129.2 thereof which provides: "Every * * * parent * * * or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication * * * of any person, shall have a right of action in his or her own name against any person who shall, by selling or giving to another contrary to the provisions of this title any intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages."

The trial court sustained defendants' motion to dismiss on the ground beer containing not more than 4% of alcohol by weight is not intoxicating liquor within the meaning of the statute just quoted by reason of this definition in section 125.2: "'* * * 'intoxicating liquor' when used in this title, shall be con-

strued to include alcohol * * * beer * * * and all intoxicating liquor whatever provided, however, * * * 'intoxicating liquor' wherever used in this title of the Code shall not be construed to include beer, * * * or any other malt liquor containing not more than four percent of alcohol by weight."

Chapter 129 and section 125.2, last quoted, are in the same title (VI) of the Code.

In an able brief filed prior to our decision in Cowman v. Hansen, supra, 250 Iowa 358, 92 N.W.2d 682, plaintiffs-appellants earnestly argue the only purpose of the proviso in 125.2 excluding from the definition of intoxicating liquor "four per cent beer" was to legalize its sale and there was no intent it should apply to section 129.2, quoted first above. The argument cannot be accepted. As the cited precedent points out, language of 125.2 is about as clear as language can be. The definition of intoxicating liquor applies "when used in this title" and the exclusion of 4% beer governs "wherever used in this title of the Code." In both the definition and exclusion the language is mandatory.

To sustain plaintiffs' argument would be to hold the legislature did not mean to say what the language it used plainly means. It is pertinent to repeat here the much quoted admonition of the late Justice Oliver Wendell Holmes, "We do not inquire what the legislature meant. We ask only what the statute means." In re Guardianship of Wiley, 239 Iowa 1225, 1231, 1232, 34 N.W.2d 593, 596.

It is also argued that in construing sections 129.2 and 125.2 the entire Title VI should be considered. Especially relied upon are the declaration of policy in 123.1 that all provisions of chapter 123 are to be liberally construed for the protection of the welfare, health, peace, morals and safety of the state, and the provision of 123.2 that wherever any existing law is in conflict with the provisions of chapter 123 the latter shall control and supersede all existing laws.

Of course it is a fundamental rule of construction that in determining the meaning of any particular statute all provisions of the Act and other pertinent statutes are to be considered. Iowa Public Service Co. v. Rhode, 230 Iowa 751, 753, 298 N.W. 794, 796, and citations. But, as Cowman v. Hansen,

supra, and several precedents there cited also point out, there is no room for construction and rules thereof have no application where, as here, the language used is plain and admits of only one meaning. Plaintiffs come close to conceding this when they say in argument, "If sections 125.2 and 129.2 were the only statutes to be considered in arriving at the legislative intent there would be no room for argument and the trial court's ruling would be absolutely correct."

Other contentions need not be discussed. The case is ruled by Cowman v. Hansen, supra. Those who suffer damage from a cause similar to that asserted by these plaintiffs must look to the legislature, not the courts, for relief.—Affirmed.

All JUSTICES concur.