IMPERIAL VENDORS, INC., et al., appellees, v. CITY OF DES MOINES et al., appellants.

No. 50042.

(Reported in 107 N.W.2d 61)

JANUARY 11, 1961.

REHEARING DENIED MARCH 7, 1961.

Norman A. Erbe, Attorney General, Gary S. Gill, Special Assistant Attorney General, Ray Hanrahan, Polk County Attorney, and L. F. Scalise, Assistant County Attorney, for appellants.

Raymond Rosenberg, of Des Moines, for appellees.

HAYS, J.—This is a companion case to Continental Industries, Inc., v. Erbe, 252 Iowa 690, 107 N.W.2d 57, and involves the same question on appeal. It differs only in the type of cigarette dispensing machine.

The machine in question is known in the record as Exhibits A and B, and consists of two units. Exhibit A is a cabinet containing divisions into which various brands of packages of cigarettes are placed. It stands upon the floor of the establishment where used and acts as a display case. It contains electric motors and on its face are numerous switches, each connected with a specific division or cigarette compartment. It has no functioning coin slot. Exhibit B, called the remote-control unit, contains a coin box and slot and a press button. It is connected with Exhibit A by seven wires and is designed and intended to be placed somewhere behind a counter or cash register so as not to be accessible to anyone other than the business proprietor or his employees. Two coins, a quarter and a nickel, are required to operate it, this being the price per pack-

age of the cigarettes. In order to obtain a package of cigarettes from Exhibit A, the following procedure is required: A purchaser hands the money to the proprietor who inserts it in the coin slot in Exhibit B. The coins drop on the electrical equipment, thus closing the circuit. The button is then pressed which in turn activates Exhibit A. Upon the pressing of a switch by the purchaser, the coins in Exhibit B are released into the coin box and the package of cigarettes is released to the purchaser.

It appears from the record, and by a demonstration before the court, that when placed and used as intended, cigarettes may be obtained from the machine *only* upon the affirmative act of the proprietor placing the coins in the coin slot. It also appears in this record that if the press button on Exhibit B was taped down, the deposit of the coins alone would activate Exhibit A and the purchaser by pressing a switch on A would receive cigarettes. Thus, by placing Exhibit B on top of Exhibit A, or in some location accessible to the public, it would become entirely automatic without the intervention of an independent human agency. If so used, we would deem, as did the trial court, this machine to be a "Vending Machine" within the meaning of section 98.36(6), Code of 1958. When so operated it would be available to adults and minors alike and clearly conflict with the provisions of section 98.2, Code of 1958. However, the issue before us on this appeal concerns the validity of this machine as it is intended to be used and does not assume that it will be put to what would make an otherwise legal machine, illegal. The trial court foresaw such a situation and provided therefor in its decree.

The court standing four to four, the decision of the trial court stands Affirmed by Operation of Law.

For affirmance: HAYS, LARSON, PETERSON, and THORNTON, JJ.

For reversal: GARFIELD, C. J., and BLISS, OLIVER and THOMPSON, JJ., and the dissent filed in the case of Continental Industries, Inc., v. Erbe, 252 Iowa 690, 694, 107 N.W.2d 57, is by reference made applicable here.