Thomas BEASLEY, individually and as Commissioner of the Indiana Department of State Revenue, Charles D. Loos, individually and as Auditor of State of the State of Indiana, Julian L. Ridlen, individually and as Treasurer of State of the State of Indiana, Appellants (Defendants Below),

v.

Allen L. KWATNEZ, Appellee (Plaintiff Below).

No. 4–1281A205.

Court of Appeals of Indiana, Fourth District.

Feb. 24, 1983.

Linley E. Pearson, Atty. Gen., William Eric Brodt, Deputy Atty. Gen., Indianapolis, for appellants.

Judith T. Katz, Dann Pecar Newman, Talesnick & Kleiman, Indianapolis, for appellee.

CONOVER, Judge.

The Indiana Department of State Revenue, Auditor of State and Treasurer of State (State), appellants, appeal a judgment rendered in Marion Circuit Court in favor of Allen Kwatnez, Appellee, relieving him of delinquent sales tax liability.

We affirm in part and reverse in part.

ISSUES

1. Are the sales of certain snack items taxable under the Indiana Gross Retail Tax statute, Ind.Code 6–2.5–5–20?

2. Did the trial court erroneously tax costs against the State?

FACTS

Since 1977, Kwatnez has operated a business under the name Office Snacks. He sells snack foods such as potato chips, candy, gum, cookies and other packaged snack items in over 4,000 locations in Indiana on a self service honor system. Kwatnez places cardboard containers holding a variety of snack foods in offices and other business establishments throughout Indiana. Sales are accomplished by manually removing the desired item from the cardboard container and depositing the appropriate amount of money in a receptacle in the corner of the container. Kwatnez and his employees restock the containers with snack items on a regular basis and remove the money collected.

Kwatnez paid sales tax on candy and chewing gum sold, which represents about 25% of his total sales. However, he did not pay sales tax on other sales because he did not believe them to be taxable under Ind. Code 6–2.5–5–20. The Indiana Department of State Revenue disagreed and consequently assessed Kwatnez $16,236.59 in delinquent taxes due on the sale of these snacks. Kwatnez's protest of the assessment was denied. He filed a complaint for declaratory judgment in Marion Circuit Court which resulted in a finding Kwatnez's sales were exempt from the gross retail sales tax. The State was permanently enjoined from collecting the tax assessments.

DISCUSSION AND DECISION

The substance of Kwatnez's argument is as follows: The State has indicated its intent to tax the sale of edible items not classified as food for human consumption. Since the items Kwatnez sells are edible substances the State concludes they should be subject to taxation whenever they are the subject of a sale. This argument is raised in three different permutations of Ind.Code 6–2.5–5–20.

There is no dispute as to the purpose of the retail sales statute. The State has expressed its intent to tax all retail sales transactions made within the state of Indiana. Ind.Code 6–2.5–2–1; *Taxpayers Lobby of Indiana, Inc. v. Orr,* (1974) 262 Ind. 92, 311 N.E.2d 814. However, the legislature has created certain exemptions to the operation of IC 6–2.5–2–1. Ind.Code 6–2.5–5–20(a) exempts the sale of "food for human consumption from the state gross retail sales tax." This exemption does not extend to every edible or potable substance. Certain classes of food and drink are excluded in IC 6–2.5–5–20(c):

(c) For purposes of this section, the term "food for human consumption" does not include:

(1) candy, confectionery, and chewing gum;

(2) alcoholic beverages;

(3) cocktail mixes;

(4) soft drinks, sodas, and other similar beverages;

(5) medicines, tonics, vitamins, and other dietary supplements;

(6) water, mineral water, carbonated water and ice;

(7) pet food;

(8) food furnished, prepared, or served for consumption at a location, or on equipment, provided by the retail merchant;

(9) meals served by a retail merchant off his premises;

(10) food sold by a retail merchant who ordinarily bags, wraps, or packages the food for immediate consumption on or near the merchant's premises, including food sold on a "take out" or "to go" basis; and

(11) food sold through a vending machine or by a street vendor.

 The State contends Kwatnez's sales are taxable under any one of three of the exceptions mentioned above. Kwatnez has the burden of showing he was in compliance with the strict letter of the law. *City of Anderson v. State Department of Revenue,* (1980) Ind.App., 406 N.E.2d 346. Exemption statutes are strictly construed in favor of taxation and against exemption, *State Department of Revenue v. Bethel Sanitarium, Inc.,* (1975) 165 Ind.App. 421, 332 N.E.2d 808, contrary to the general rule that tax laws are construed against the state, *Gross Income Tax Division v. L.S. Ayres & Co.,* (1954) 233 Ind. 194, 118 N.E.2d 480. Ambiguities in any exemption statute are construed against the party claiming the exemption. *State Department of Revenue v. Estate of Powell,* (1975) 165 Ind.App. 482, 333 N.E.2d 92.

 The State initially contends that Kwatnez's sales are taxable as confectionery. IC 6–2.5–5–20(c)(1). Kwatnez appears to have sustained his burden of showing that his sales of snack items were not the sales of confections. "Confectionery" is defined as "sweet edibles (such as candy, cake, pastry, candied fruit, ice cream)." Webster's Third New International Dictionary (1976). Although this definition is broad enough to include the cookies and sweet pastries Kwatnez sells, the definition promulgated by the Department of Revenue is narrower. Confectionery items are:

CONFECTIONERY ITEMS

Preparations of fruits, nuts or popcorn in combination with chocolate, sugar, honey, candy, or other confectionery, unless sold for cooking purposes, are not considered exempt "food" items. The method used in packaging and distributing these preparations, including the kind and size of container used, will be considered in determing (sic) the primary use for which these preparations are sold.

Department of Revenue Circular (Revised) ST–6 (1973).

This definition limits confectionery to the preparations described. This does not include potato chips, cookies, prepared meats and other items the State suggests. This is in accord with examples given within the circular; cookies, potato chips, meat and bakery products are excluded from the definition. The legislature has apparently acquiesced in this interpretation of the Department of Revenue as shown by its silence. *Indiana Civil Rights Commission v. Sutherland Lumber*, (1979) Ind.App., 394 N.E.2d 949. We cannot broaden that definition to correct an alleged omission. When the language used is without ambiguity the plain meaning of the statute must be accepted. *Onward Corporation v. National City Bank of Evansville*, (1973) 155 Ind. App. 147, 290 N.E.2d 797.

■ The State also argues that Kwatnez's sales are also taxable as "food furnished, prepared or served for consumption at a location or on equipment, provided by the retail merchant, IC 6–2.5–5–20(c)(8), or food sold by a retail merchant who ordinarily bags, wraps, or packages the food for immediate consumption on or near the merchant's premises, including food sold on a 'take out' or 'to go' basis" IC 6–2.5–5–20(c)(10).

It is apparent the statutes cited do not apply to Kwatnez's business enterprise. Subsections (c)(8), (10) contemplate sales made at a location provided by the seller. This is clearly inapplicable to Kwatnez. His cardboard boxes were placed in several thousand business premises in which he was not a participant at the sufferance of their owners. In no way could he be considered the provider of the business premises where the sales occurred.

The State responds with a citation to *Commissioner Internal Revenue v. Anderson* (6th Cir.1966) 371 F.2d 59, a case in which the Sixth Circuit Court of Appeals read the phrase "business premises" to include any place where an employer conducts a substantial amount of his business. The State's use of *Anderson* is non-contextual. In *Anderson*, the Court was concerned with property owned by an employer. This case

deals with property neither owned nor controlled by Kwatnez. Rather, the State argues it should be considered a merchant's premise merely because he conducts a small portion of his business on those premises. We find the State's argument unpersuasive.

■ The State finally asserts Kwatnez's sales were made by a vending machine and subject to taxation under IC 6–2.5–5–20(c)(10). The State, tacitly admitting the difficulties inherent in bringing a cardboard box into any possible definition of a machine, urges us to adopt a "functional" approach to this issue. This approach assumes that if a non-mechanical device can fulfill the function of a machine then the non-mechanical device comes within the scope of the term machine or vending for tax purposes. We need not, however, consider the application of this somewhat tortuous logic as to Kwatnez's cardboard containers.

We would be compelled to do so if the legislature had not provided an unambiguous definition of the term "vending machine." Ind.Code 6–1.1–3–8(b) defines a vending machine as:

(b) For purposes of this section, the term "vending machine" means a machine which dispenses goods, wares, or merchandise when a coin is deposited in it and which *by automatic action* can physically deliver goods, wares, or merchandise to the depositor of the coin. (Emphasis supplied.)

Although this definition is taken from the property tax code and not conclusive of the meaning to be ascribed under the retail sales statute, we will give that definition consideration when construing the same words in another statute. *Adkins v. Indiana Employment Security Division*, (1946) 117 Ind.App. 132, 70 N.E.2d 31.

Other jurisdictions have attached similar definitions to the term "vending machine." *McCaughn v. American Meter Co.*, (3d Cir. 1933) 67 F.Supp. 148, *rev'd* 1 F.Supp. 753; *Imperial Vendors, Inc. v. Des Moines*, (1961) 252 Iowa 697, 107 N.W.2d 61; *Continental Industries, Inc. v. Erbe*, (1961) 252 Iowa 690, 107 N.W.2d 57; *Shumate v. Common-*

*wealth,* (1968) Ky., 433 S.W.2d 340; *Commonwealth v. Wolbarst,* (1946) 319 Mass. 291, 65 N.E.2d 552; *State v. Fairbanks,* (1937) 65 S.D. 272, 273 N.W. 188.

Each definition includes requirements of working mechanical parts which, when activated will automatically dispense some item without further human intervention. This also comports with the definition of "machine" previously adopted in Indiana. *Pein v. Miznerr,* (1908) 41 Ind.App. 255, 83 N.E. 784, *rev'd* on other grounds, 170 Ind. 659, 84 N.E. 981, which is in substantial agreement with the definition for "machine" given in Black's Law Dictionary, (4th Ed.Rev. 1968).

In all respects this definition is adequate and in harmony with the purpose of retail tax statutes. The trial court correctly followed that definition. We could not create a broader functional definition of vending machine, as the State urges, without adding to the meaning of a statute that is plain and unambiguous. *Burks v. Bolerjack,* (1981) Ind., 427 N.E.2d 887. To do otherwise would impermissibly strain the meaning, merely for the sake of interpretation. *Lutheran Hospital of Ft. Wayne, Inc. v.*

*Department of Public Welfare of Allen County,* (1979) Ind.App., 397 N.E.2d 638.

██ The decision is not without error, however. The judgment of the trial court imposed costs upon the individual defendants in their capacity as state officials. Ind.Code 33–1–9–1(c) does not permit costs to be assessed against the state when it is the moving party. To do so was error. *State Department of Revenue v. American Motorists' Insurance Company,* (1979) Ind. App., 396 N.E.2d 907.

The judgment is affirmed, with the exception of that portion of the judgment assessing costs. The judgment is remanded with instructions to strike the portion awarding costs to Kwatnez.

YOUNG, P.J., and MILLER, J., concur.